IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOROTHY ANTHONY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:11-cv-735-MEF |
| | ) |
| BULLS REALTY, *et al.*, | ) (WO – Do Not Publish) |
| | ) |
| Defendants. | ) |

**ORDER**

On September 7, 2011, Plaintiff Dorothy Anthony ("Anthony" or "Plaintiff") filed a Complaint in the United States District Court for the Middle District of Alabama, Eastern Division, alleging diversity as the basis for federal jurisdiction. On July 10, 2012, Plaintiff amended her Complaint, again alleging diversity as the basis for federal jurisdiction. Plaintiff brings claims against Defendants Bulls Realty ("Bulls Realty"), the Utilities Board of Tuskegee ("UBT"), and Blanchet Villas, Ltd. ("Blanchet Villas") (collectively, "Defendants").

Because federal courts have only limited jurisdiction, the Court must determine whether a proper jurisdictional basis exists in each case. *See Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (stating that federal courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim."). Thus, when a plaintiff brings a claim in federal court, it is the plaintiff's burden to allege the specific facts necessary to establish jurisdiction and, if that jurisdiction is challenged, to support those allegations

with adequate proof. *See Morrison v. Allstate Indem., Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction and if jurisdiction is properly challenged, that party also bears the burden of proof."). As such, Anthony, as the party invoking diversity jurisdiction, must properly plead and, if challenged, prove the citizenship of the parties.

Diversity jurisdiction under § 1332 requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and to be between citizens of different states. 28 U.S.C. § 1332(a)(1). In her Amended Complaint, Anthony alleges that jurisdiction is proper because she is a citizen of Louisiana and Defendants "are business entities and/or corporations incorporated under the laws of Alabama with their principal place of business in Alabama." (Am. Compl. ¶ 6.) Anthony also seeks damages against Defendants, jointly and severally, "for an amount in excess of $100,000 plus costs." (Am. Compl. ¶ 10.) No party has contested the jurisdiction of this Court.

However, while the parties may agree that jurisdiction is proper in this Court, that does not absolve the Court of further inquiry. Plaintiff's blanket allegation that all Defendants are "business entities and/or corporations incorporated under the laws of Alabama with their principal place of business in Alabama" certainly does not assist the Court in ascertaining whether complete diversity of citizenship exists. To the contrary, this

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

allegation leaves the Court guessing as to exactly what type of business entity each Defendant is, and, in turn, the citizenship of these Defendants. Further, the Court presumes from the style of the Amended Complaint that Blanchet Villas, Ltd. is a limited partnership. If this is indeed true, then for purposes of diversity of citizenship, Blanchet Villas would be a citizen of each state in which any of its partners, limited or general, are citizens. *See Rolling Green MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). No allegations establishing such citizenship are contained in the Amended Complaint.

As a result of these deficiencies, the Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Amended Complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Anthony should be permitted to amend her Amended Complaint to specifically establish Defendants' citizenship.

For these reasons, it is hereby ORDERED that on or before **November 16, 2012**, Plaintiff shall file an Amended Complaint that conforms to the findings of this Order. For any unincorporated Defendant, Plaintiff is to identify each member or partner and provide his, her, or its place of citizenship. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of this case for lack of subject matter jurisdiction

DONE this the 8th day of November, 2012.

    /s/ Mark E. Fuller
    UNITED STATES DISTRICT JUDGE